UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICARDO CEPATES,                                   :
                                                   :
                    Petitioner,                    :          Civ. No. 14-7649 (KM)
                                                   :
          v.                                       :
                                                   :
STEPHEN D'ILIO, et al.,                            :          **MEMORANDUM ORDER**
                                                   :
                    Respondents.                   :
                                                   :

*Pro se* Petitioner Ricardo Cepates, a New Jersey State Prison (NJSP) inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) Petitioner challenges convictions, after two separate trials, of multiple first-degree aggravated sexual assaults and related offenses against eight victims. (*Id.*) After Respondents answered, I granted Petitioner's two requests for extensions to reply while he attempted to obtain discovery and trial transcripts from his prior counsel. (DEs 10, 13.) Petitioner thereafter wrote to request an order compelling counsel to produce those records. (DEs 14, 15.) Although this court does not sit to referee the relationship between defendant and his former counsel, I discuss possible bases for the request, which is denied without prejudice for the following reasons.

Rule 5(c) of the Rules Governing Section 2254 Cases provides that "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant." Respondents have done so, attaching numerous opinions, briefs, orders, and transcripts. (DE 8.) Respondents certified that they mailed the Answer to Petitioner. (DE 8-1.) It is unclear from the mailing affidavit whether the exhibits were also mailed, but even if Respondents mailed only the Answer, that document includes a list of every exhibit. (DE 8 at 22.) They may also be seen online via the court's ECF docketing system.

Pursuant to 28 U.S.C. § 2250, courts may order that any petitioner proceeding *in forma pauperis* ("IFP") receive free copies of any item in the record. This would include—assuming that Respondents did not send or Petitioner otherwise lacks access to them—the transcripts attached as exhibits. However, Petitioner has paid the filing fee and is not proceeding IFP.

But even if Petitioner were proceeding IFP, a blanket request for all filings would not be granted. Petitioner would still have to show a need for specific items and their relevance to his

habeas claims. *Chavez v. Sigler*, 438 F.2d 890, 894 (8th Cir. 1971) (requiring habeas petitioner to "show a reasonably compelling need for the specific documentary evidence which he requests"); *Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."); *see also Claitt v. Zimmerman*, No. CIV.A. 86-4929, 1986 WL 11065, at *1 (E.D. Pa. Oct. 1, 1986) ("The touchstone of an indigent's motion for a transcript are need and relevance.") (citing *United States ex rel. Williams v. State of Delaware, et al.*, 427 F. Supp. 72, 76 (D. Del. 1976)). "A fishing expedition to find errors on which to base a collateral attack does not demonstrate the type of need entitling an indigent prisoner to free transcripts." *Anderson v. Williams*, No. CIV.A. 02-1683, 2005 WL 736677, at *10 (D. Del. Mar. 31, 2005) (citing *Negron v. Adams,* 229 F.3d 1164 (table), 2000 WL 1152554, at * *3 (10th Cir.2000)); *U .S. v. Woods,* 2004 WL 2786143, *1 (E.D. Pa. Oct. 7, 2004)( collecting cases).

A brief review of Petitioner's claims illustrates the need for Petitioner to explain the relevance of, and need for, the transcripts. For example, in Ground One, Petitioner argues that trial counsel was ineffective for failing to move to change venue in response to extensive pre-trial publicity. (DE 8 at 7.) In response, Respondents argue that this issue is procedurally defaulted because Petitioner did not raise it before the Appellate Division. (*Id.*). It is unclear how trial transcripts would assist Petitioner in demonstrating that something did (or did not) take place during his appeal.

In Ground Two, Petitioner argues that trial counsel was ineffective for failing to ask the trial court to issue a limiting instruction to the jury on evidence admitted under N.J.R.E. 404(b) after each victim's testimony at the first trial. (DE 8 at 9.) Respondents argue that the trial court's decision was not contrary to, or an unreasonable application of, Supreme Court precedent. (*Id.*) Again, it is unclear from Petitioner's submissions how any transcript would assist Petitioner in rebutting this argument.

Finally, numerous courts have also held that regardless of the standard applied to determine whether an indigent person is entitled to a free transcript, that person must first attempt to obtain it in state court. *Moss v. Frakes*, No. 8:20CV474, 2021 WL 2383196, at *2 (D. Neb. June 10, 2021) (citing *Wade v. Wilson*, 396 U.S. 282 (1970); *Snyder v. State of Neb.*, 435

2

F.2d 679, 680 (8th Cir. 1970)). In a previous filing requesting additional time to reply, Petitioner detailed his unsuccessful efforts to obtain discovery and transcripts from his previous attorneys. (DEs 9-1, 9-2.) He does not, however, mention any efforts to obtain the transcripts from state court (and it is of course in state court that these attorneys represented him). Accordingly, should Plaintiff wish to renew this application, he should first make such efforts, and explain why they were not pursued in the many years since he was sentenced.

IT IS, therefore, on this 2nd day of June, 2022,

ORDERED that Petitioner's letter requests to compel his attorneys to give him free transcript copies (DEs 14, 15) are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Petitioner may, within 45 days, file either (1) a new request for said relief addressing the defects raised in this order; or (2) a reply to Respondent's Answer; and it is further

ORDERED that if Petitioner files neither, the Court will render a decision on the Petition based on the existing submissions; and it is further

ORDERED that Petitioner's time to file a reply to Respondent's Answer will not be extended further without good cause shown

.

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge

3